UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | Case No. 20-12666-BFK |
| FAROOQ D. SULTAN, ) | Chapter 7 |
| ) | |
| ) | |
| ) | |
| Debtor. ) | |
| ) | |

**MEMORANDUM OPINION AND
ORDER DISMISSING CASE
WITHOUT PREJUDICE**

This matter came before the Court on the Court's Order to Show Cause why this bankruptcy case should not be dismissed. Docket No. 7. The Court heard the Debtor's arguments on December 22, 2020. For the reasons stated below, this case will be dismissed without prejudice.

**Findings of Fact**

The facts are not in dispute.

1.  On December 8, 2020, at 10:58 p.m., the Debtor filed a Voluntary Petition under Chapter 7 with this Court. Docket No. 1. The Debtor was represented by counsel in his filing. *Id.*

2.  As part of his Petition, which was signed under oath, the Debtor checked the box that stated:

> I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

*Id*. at ¶ 15.

1

3. This was not true. The Debtor submitted a Certificate of Credit Counseling stating that he completed credit counseling at 10:36 p.m. CST, which was 11:36 p.m. EST, about a half-hour after he filed his Petition. Docket No. 3.

4. On December 9, 2020, the Court entered an Order to Show Cause why the case should not be dismissed. Docket No. 7.

5. The next day, on December 10, 2020, the Debtor filed an Amended Voluntary Petition. Docket No. 8. In his Amended Petition, the Debtor did not check any of the boxes relating to credit counseling.[1]

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

### I. Section 109(h) Requires Pre-Petition Credit Counseling.

The credit counseling requirement was first enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). As originally enacted, the statute required debtors to complete credit counseling "during the 180-day period *preceding the date of filing* of the petition. . . ." 11 U.S.C. § 109(h)(1) (2005) (emphasis added). This led some courts to conclude that the credit counseling course had to be completed the day before the debtor filed a petition, not on the day of the petition (the "plain language" view), while other courts held that the Debtor could complete credit counseling up until the moment of filing. *See In re Francisco*, 390 B.R. 700, 705 (10th Cir. B.A.P. 2008).

---

[1] The choices in the form are: (a) the Debtor received credit counseling and has a certificate; (b) the Debtor received credit counseling but does not yet have a certificate; (c) the Debtor requested but was unable to complete counseling within seven days of the request, and there are exigent circumstances that justify a 30-day waiver; or (d) the Debtor is exempt from the credit counseling requirement due to incapacity or disability. *Id.*

In 2010, Congress amended the statute to require that debtors complete credit counseling "during the 180-day period *ending on the date of filing* of the petition. . . ." 11 U.S.C. § 109(h)(1) (emphasis added). This solved the "day of filing" controversy, but it created a new issue – can a debtor complete credit counseling on the same day that he or she files the petition but *after* the petition is filed? Once again, two views emerged.

One line of cases holds that the "plain language" of Section 109(h)(1), as amended, allows debtors to complete credit counseling at any time on the day that he or she files the petition. *In re Kuykendall,* Case No. 20-14818-KHT, 2020 WL 5823268, at *3-4 (Bankr. D. Colo. Sept. 30, 2020); *In re Tillman*, Case No. 17-30037, 2017 WL 933025, at *1 (W.D. N.C. March 8, 2017)("The court must presume that words in a statute have their normal meanings unless Congress provided definitions in the statute. . . ."); *In re Walker*, 502 B.R. 324, 328 (Bankr. N.D. Ill. 2013)("The language of section 109(h)(1) is expressed in plain terms. The 180–day period of a debtor to receive credit counseling includes the date of the filing of the petition. No finer distinction is included in the statute, and thus, the court is bound to apply the clear and unambiguous language of the statute pursuant to its terms.")

The other line of cases holds that, while the 2010 Amendment solved the "day of filing" problem, it did not permit debtors to complete credit counseling post-petition. As one court held:

> Section 109(h) states that if an individual does not receive a credit counseling briefing during the 180–day period, the individual "may not be a debtor." If a person must qualify as a "debtor" to file a case, then someone who has not yet received a credit counseling briefing—and so may not be a debtor—cannot properly file.

*In re Arkuszewski*, 507 B.R. 242, 245 (Bankr. N.D. Il. 2014) *aff'd In re Arkuszewski*, 550 B.R. 374 (N.D. Ill. 2015) *citing In re Jackson*, Case No. 12-77990, 2012 WL 7679562, at *2 (Bankr. N.D. Ga. Dec. 13, 2012); *see also In re Lane,* Case No. 12–10718–M, 2012 WL 1865448

3

(Bankr. N.D. Ok, May 22, 2012). In *Arkuszewski,* the District Court for the Northern District of Illinois affirmed the judgement of the Bankruptcy Court, pointing to the purpose of the credit counseling requirement and concluding that Congress intended credit counseling to help individuals make an informed choice about filing for bankruptcy before filing, not later on during the same 24-hour period to "check a box." *In re Arkuszewski*, 550 B.R. 374, 382-83 (N.D. Il. 2015) *citing* Lindsay Sherp, *To Strike or to Dismiss, That is the Question: How Courts Should Dispose of Bankruptcy Cases Filed by Debtors Who Failed to Obtain Credit Counseling*, 60 BAYLOR L. REV. 317, 320 (2008) ("The language of section 109(h) unambiguously reflects Congress' intention to prevent individuals from filing for bankruptcy without first receiving credit counseling."); Michael D. Sousa, *Just Punch My Bankruptcy Ticket: A Qualitative Study of Mandatory Debtor Financial Education*, 97 MARQ. L. REV. 391, 398 (2013) ("As for the pre-filing credit counseling course, Congress's mission was to have prospective debtors understand the potential alternatives to filing for bankruptcy relief with the goal of having a significant portion of them settle their debt obligations outside of the bankruptcy system.")

In light of the purpose of the credit counseling requirement, the Bankruptcy Court for the District of Columbia in *In re Koo* explained that the 2010 edits to § 109(h)(1)'s language from "preceding the date of filing of the petition" to "ending on the date of filing of the petition" were intended to clarify the fact that the prepetition credit counseling requirement could be fulfilled up until the bankruptcy petition was filed, down to the hour. *In re Koo*, Case No. 12-00121, 2012 WL 692578, at *1 (Bankr. D. D.C. March 2, 2012) ("the change was made by the Bankruptcy Technical Corrections Act of 2010, Pub.L. 111–327, 124 Stat 3557 (Dec. 22, 2010). That statute was intended to make merely technical corrections. The statute contains no indication that the change to § 109(h)(1) was anything other than a technical amendment intended to clarify that, as

held by the better reasoned decisions, the required prepetition credit counseling could be received up until the moment of filing of the bankruptcy petition, and need not be received prior to the calendar day on which the petition was filed.")

Section 109(h)(1) "addresses eligibility for bankruptcy relief" which is ordinarily "tested as of the moment of filing of the petition." *Id*. at *2. Section 109(h)(1) "requires that the debtor 'has . . . received' credit counseling (instead of requiring that the debtor 'receives' credit counseling) during the 180–day period ending on the date of filing of the petition." *Id*. This language, in the past tense, reflects the expectation that the Debtor obtained credit counseling before the petition was filed. *Id*. The Court in *In re Koo* explained that the legislative intent was that the credit counseling requirement would be a "condition of eligibility" *Id. citing* H.R. Rep. No. 109-31 (2005). Several other Bankruptcy Courts, faced with similar fact patterns, have reached the same conclusion. *See In the Matter of Wimbley*, Case no. 15-10580, 2015 WL 5609901, at *1 (Bankr. N.D. In. May 19, 2015) (denying Debtor's motion to reconsider Court's order dismissing the Debtor's case finding that the required counseling was received six minutes after the petition was filed); *In re Lane*, Case No. 12-10718-M, 2012 WL 1865448, at *3 (Bankr. N.D. Ok. May 22, 2012) *citing In re Francisco*, 390 B.R. 700 (10th Cir. B.A.P. 2008).

The Court agrees with the latter line of cases. The most that can be said about the 2010 Amendment is that Congress intended to resolve the "day of filing" controversy by allowing debtors to receive credit counseling on the same day that a petition is filed. *See In re Arkuszewski,* 550 B.R. 374, at 382; *In re Jackson*, Case No. 12-77990, 2012 WL 7679562 (Bankr. N.D. Ga. Dec. 13, 2012) ("By replacing the word 'preceding' with the words 'ending on' the statutory drafters clearly rejected the line of authority suggesting that the credit counseling deadline is the day before filing"); *In re Koo*, Case No. 12-00121, 2012 WL 692578, at *1

5

(Bankr. D. D.C. March 2, 2012) ("The statute contains no indication that the change to § 109(h)(1) was anything other than a technical amendment intended to clarify that, as held by the better reasoned decisions, the required pre-petition credit counseling could be received up until the moment of filing of the bankruptcy petition, and need not be received prior to the calendar day on which the petition was filed.")

Further, the Supreme Court has held that, as a matter of statutory interpretation, Congress is presumed to be familiar with pre-Code practice and that courts should be reluctant to accept arguments "that would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history." *Dewsnup v. Timm*, 502 U.S. 410, 419 (1992). While there is every indication that Congress intended to resolve the "day of filing" controversy, there is no indication in the language of the statute, nor in the legislative history, that Congress intended in the 2010 Amendment (a Technical Amendment) to change the requirement for debtors to complete credit counseling before they filed for bankruptcy.

The Court holds that credit counseling remains a pre-petition requirement, even after the 2010 Amendment. The Court, therefore, will dismiss this case.

## II.   The Court Will Dismiss this Case *Sua Sponte*.

Alternatively, the Court will dismiss this case *sua sponte*. The Debtor affirmatively represented in his Voluntary Petition that he had completed the credit counseling course before he filed his Petition. Docket No. 1 at ¶ 15. This was not true. The Debtor completed the course after he filed his Petition. It was only through the diligence of the Court's staff, in noticing that the time stated, 10:36 p.m. CST, was after the Debtor filed his Petition at 10:58 p.m. EST. The statement in the Petition, that the Debtor completed credit counseling "before I filed this

6

bankruptcy petition, and I received a certificate of completion," was an affirmative misrepresentation. The Court should be able to rely on representations that Debtors make in their filings with the Court.

The Court, therefore, will dismiss this case *sua sponte*, without prejudice.

**Conclusion**

It is therefore **ORDERED**:

A. This case is dismissed without prejudice.

B. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: Jan 7 2021

Alexandria, Virginia

/s/ Brian F Kenney
Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket: January 7, 2021

Copies to:

Farooq D Sultan
14503 Chelsey Pl
Centreville, VA 20121
*Debtor*

Tommy Andrews, Jr., Esquire
122 North Alfred St.
Alexandria, VA 22314
*Debtor's Counsel*

Donald F. King, Esquire
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
*Chapter 7 Trustee*